UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X

ALEXANDRA OWENS, and ALEJANDRO TAVARES,

                                 Plaintiffs,   **COMPLAINT**

             -against-

THE CITY OF NEW YORK; and P.O. JOHN DOES
1-5; the individual defendant(s) sued     ECF Case
individually and in their official
capacities,                       Jury Trial Demanded

                               Defendants.

---------------------------------------- X

## PRELIMINARY STATEMENT

     1.   This is a civil rights action in which plaintiffs seeks relief for the violation of plaintiffs' rights secured by 42 U.S.C. §§ 1983; and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York.  Plaintiffs' claims arise from an incident that arose on or about November 15, 2010.  During the incident, the City of New York, and members of the New York City Police Department ("NYPD") subjected plaintiffs to, among other things, excessive force, assault and battery, false arrest, unlawful search and seizure, retaliation for free speech, conspiracy, malicious prosecution, denial of a fair trial, fabricated evidence, negligence, intentional and negligent infliction of emotional distress, negligent hiring and

retention, supervision, training and instruction of incompetent and unfit employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.  Plaintiffs seek compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, pursuant 42 U.S.C. §§ 1988, and such other and further relief as the Court deems just and proper.

**JURISDICTION & VENUE**

2.    This action is brought pursuant to 42 U.S.C. §§ 1983, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.    Plaintiffs invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law.  Plaintiffs' notice of claim were duly filed on defendant City of New York within 90 days of the incident at issue, more than 30 days have elapsed since such filing and the City of New York has refused to settle plaintiffs' claims.  Moreover, this action has been filed within one year and 90 days of the incidents that are the basis of this claim.  Plaintiffs have satisfied all conditions precedent for the filing of this action.

4.    Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in New York County, and the City of New York is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

5.    Plaintiff Alexandra Owens is a resident of the State of New York, New York County.

6.    Plaintiff Alejandro Tavares is a resident of the State of New York, New York County.

7.    At all times alleged herein, defendant City of New York is a municipal corporation organized under the laws of the State of New York, which violated plaintiffs' rights as described herein.

8.    At all times alleged herein, defendants John Does # 1-5 were New York City Police Officer, employed with the 33rd Precinct, located in New York County, New York or other as yet unknown NYPD assignment, who violated plaintiffs' rights as described herein.

9.    The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

10.    On November 15, 2010, at and in the vicinity of 55 vicinity of 552 West 174th Street, Apt. # 1, New York, New

3

York, and the 33rd Precinct, New York, New York, several police officers operating from the 33rd Precinct, including upon information and belief, P.O. John Does # 1-5, at times acting in concert with themselves and civilians, and at times acting independently, committed the following illegal acts against plaintiffs.

     11.   On November 15, 2010, in the evening, at and in the vicinity of 552 West 174th Street, Apt. # 1, New York, New York ("the apartment"), defendants P.O. John Does # 1-5, without either consent, an arrest warrant, a lawful search warrant, court orders, probable cause, or reasonable suspicion that plaintiffs (or any third person) had committed a crime unlawfully entered the apartment.

     12.   Defendants P.O. John Does # 1-5 came to the apartment door with civilians who, upon information and belief, were associated with the building, and demanded to be let into the apartment.  They did not possess any legal order to gain entry or possession of the apartment, including an arrest warrant, search warrant, eviction order, or marshal's warrant.

     13.   Upon information and belief, on the date in question, the civilians were in litigation (landlord tenant court) with Alejandro Taveres' family regarding the apartment and his family still had possession of the apartment.

4

14.   Upon information and belief, P.O. John Does # 1-5 were doing a favor for the civilians in clear violation of their lawful authority.

15.   Alexandra Owens was in the bathroom when P.O. John Does # 1-5 came to the apartment door, demanding to be let in.

16.   Alejandro Tavares went to the apartment door to see who was there.

17.   Defendants P.O. John Does # 1-5 demanded to be let into the apartment, but Alejandro Tavares refused.

18.   No documents were shown to Alejandro Tavares demonstrating that P.O. John Does # 1-5 had any lawful authority to enter the apartment or make an arrest.

19.   P.O. John Does # 1-5 and the civilians knew the plaintiffs had a legal right to be in possession of the apartment.

20.   Alejandro Tavares tried to explain that his mother was the person they needed to speak with.

21.   By coming onto the apartment without a warrant or without exigent circumstances and demanding to be let into the apartment, the individual defendants violated clearly established law.

22.    Alejandro repeatedly requested that the individual defendants leave his door, but the individual defendants ignored his lawful requests.

23.    Alejandro would not let the individual defendants enter his home, and questioned them about the legality of their conduct.

24.    Alejandro was afraid that the defendant would harm him and Alexandra and his friend who was also in the apartment.

25.    The individual defendants ignored Alejandro.

26.    The individual defendants were rude, threatening, uncivil in their responses to the plaintiffs' lawful requests that they leave.

27.    Angered by Alejandro's refusal to open the door or leave the apartment, and surrender his constitutional rights, defendants P.O. John Does # 1-5, forced their way into the apartment.

28.    Once defendants entered the apartment, plaintiffs and Alejandro's friend were not free to disregard the defendants' questions, walk way or leave the scene.

29.    To assist in their assault, the individual defendants grabbed Alejandro by the hair and his necklace.

30.   Defendants P.O. John Does # 1-5 began beating Alejandro, hitting him in, among other places, his knees, back, head, and groin.  They also hit him repeatedly with a blunt object.

31.   Alexandra went to see what was happening.  She was wearing a towel and undergarments.

32.   Alexandra did not interfere with the unlawful arrest and obvious excessive use of force, but she was shocked and alarmed by what she saw the officers doing to Alejandro.

33.   The individual defendants suddenly went after Alexandra, grabbing her and pulling off her towel.  They also pulled and yanked Alexandra as she pleaded with the defendant officers that she had not done anything wrong.

34.   The defendant officers also maliciously, gratuitously, unnecessarily, and violently wrenched and twisted the plaintiffs' arms, and placed excessively tight handcuffs on their wrists.  The defendant officers also struck Alejandro while was he was handcuffed.

35.   The defendant officers removed the plaintiffs from the apartment, and dragged them down a series of stairs, further injuring and humiliating them.

36.   At one point, the defendants made Alexandra walk barefoot.

7

37.    At times, one of the defendant officers commented sexually about Alexandra that: he would do her.

38.    Outside, the defendant officers held the plaintiffs against a car and waited for a police van to arrive.

39.    The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against plaintiffs, since plaintiffs were unarmed, compliant, and did not resist arrest.

40.    Plaintiffs were physically injured as a result of the excessive use of force, and suffered injuries to their bodies and pain.

41.    Those defendants who did not touch the plaintiffs, witnessed these acts, but failed to intervene and protect plaintiffs from this conduct.

42.    Upon information and belief, the defendant officers delayed plaintiffs' medical treatment.

43.    The plaintiffs received medical treatment for their injuries.

44.    The defendant officers drove the plaintiffs and Alejandro's friend to the 33rd Precinct for arrest processing where they threatened the plaintiffs.

45.    Eventually, the plaintiffs were processed through Central booking and released.

46.   In order to cover up that their was no basis for their arrest, P.O. John Does # 1-5, pursuant to a conspiracy among themselves, and in part with the civilians associated with the building, falsely and maliciously told the New York County District Attorney's Office that plaintiffs had committed various crimes.

47.   The criminal case against Alejandro Tavares was dismissed on November 1, 2011, terminating in his favor.

48.   The case against Alexandra Owens remains open.

49.   The unlawful entry into plaintiffs' apartment was caused by defendant City of New York's policy, custom, and practice of permitting individual police officers to intrude into the homes of individuals without a search warrant or an arrest warrant, or any investigation, even in landlord tenant matters where documents can be used to show.

50.   Furthermore, even when individual police officers have probable cause to arrest an individual who is inside an apartment, it is defendant City of New York's policy, custom, and practice to fail to ensure that the officers secure the premises and apply to the court for a warrant.

51.   When police officers are charged with protecting the public safety, they must respect constitutional rights in the process.  The NYPD disregards their duties, specifically to

New York City residents, by crossing a constitutional line between reasonable inquiry and illegal intrusiveness.  Under any law, a citizen insisting that police officers recognize that absent exigent circumstances, they must have a warrant to enter a home, does not create a founded suspicion or a basis for an arrest, and when a person complains and asserts this right, continued police harassment does not pass legal muster.  The NYPD must stop harassing citizens who exercise their constitutional rights.  Citizens should be able to be secure in their homes without fear of intrusion by the NYPD.

     52.   The individual defendants acted in concert committing the above-described illegal acts toward plaintiffs.

     53.   Plaintiffs did not resist arrest at any time during the above-described incident.

     54.   Plaintiffs did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above-described incident.

     55.   The individual defendants did not observe plaintiffs violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above-described incident.

56.   At no time prior to, during or after the above-described incident were the individual defendants provided with information, or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiffs had violated any law, regulation, or administrative code; committed any criminal act; or acted in a suspicious or unlawful manner prior to or during the above-described incident.

57.   The individual defendants acted under pretense and color of state law and their individual and official capacities and within the scope of their employment.  Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiffs of their rights.

58.   As a direct and proximate result of the defendants' actions plaintiffs experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

59.   Plaintiffs are entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness and indifference to plaintiffs' rights.

11

## FIRST CLAIM

### (UNLAWFUL SEARCH AND SEIZURE UNDER FEDERAL LAW)

60.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

61.    Defendants unlawfully entered the property and premises of the plaintiffs without an arrest warrant, search warrant, marshal's warrant, eviction order, consent, or exigent circumstances obviating the need for a warrant.

62.    Accordingly, defendants are liable to plaintiffs for unlawful search and seizure under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## SECOND CLAIM

### (UNLAWFUL SEARCH AND SEIZURE UNDER STATE LAW)

63.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

64.    Defendants unlawfully entered the property and premises of the plaintiffs an arrest warrant, search warrant, marshal's warrant, eviction order, consent, or exigent circumstances obviating the need for a warrant.

65.    Accordingly, defendants are liable to plaintiffs for unlawful search and seizure under New York State law.

### THIRD CLAIM

### (FALSE ARREST UNDER FEDERAL LAW)

66.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein

67.    Defendants falsely arrested plaintiffs without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiffs had committed a crime.

68.    Accordingly, defendants are liable to plaintiffs for false arrest under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

### FOURTH CLAIM

### (FALSE ARREST UNDER STATE LAW)

69.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

70.    Defendants falsely arrested plaintiffs without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiffs had committed a crime.

71.    Accordingly, defendants are liable to plaintiffs for false arrest under New York State law.

## FIFTH CLAIM

### (EXCESSIVE FORCE)

72.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

73.    The individual defendants' use of force upon plaintiffs, as described herein, and the individual defendants' failure to intervene, was objectively unreasonable.

74.    Accordingly, defendants are liable to plaintiffs for using unreasonable and excessive force, pursuant to 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## SIXTH CLAIM

### (ASSAULT)

75.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

76.    Among other things as described above, defendants' search and seizure, battery, false arrest, and excessive use of force against plaintiffs placed them in fear of imminent harmful and offensive physical contacts.

77.    Accordingly, defendants are liable to plaintiffs under New York State law for assault.

## SEVENTH CLAIM

### (BATTERY)

78.   Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

79.   Among other things as described above, defendants' search and seizure, false arrest, and excessive use of force against plaintiffs were illegal physical contacts.

80.   Accordingly, defendants are liable to plaintiffs under New York State law for battery.

## EIGHTH CLAIM

### (RETALIATION)

81.   Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

82.   Plaintiffs exercised free speech during the incident by, among other things, demanding that the individual defendants request their constitutional rights and not enter the apartment.

83.   Plaintiffs' use of free speech was a motivating factor in the individual defendants' decision to enter their property, use excessive force against them, and falsely arrest them.

84. Accordingly, the individual defendants are liable to plaintiffs under the First Amendment to the United States Constitution.

### NINTH CLAIM

#### (DENIAL OF MEDICAL CARE)

85. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

86. Defendants are liable to plaintiffs because they ignored plaintiffs' need for medical treatment for a serious medical issue and/or injury, or delayed such treatment, and the harm occasioned by such an act is redressable under the Fourteenth Amendment to the United States Constitution, and 42 U.S.C. § 1983.

### TENTH CLAIM

#### (FAILURE TO SUPERVISE)

87. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

88. The supervisor defendants are liable to plaintiffs because they supervised the subordinate individual defendants concerning the above-mentioned unlawful acts against plaintiffs, and approved their unlawful actions.

### ELEVENTH CLAIM

#### (FABRICATED EVIDENCE)

16

89.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

90.    The defendants are liable to plaintiffs because they intentionally conspired to fabricate evidence against them, depriving them of liberty without due process of law.

91.    In addition, the defendants used and presented the fabricated evidence to prosecute plaintiffs.

92.    Further, the defendants were on notice that creating fabricated evidence is a clear violation of law because it well established that police officer who knowingly use false evidence to obtain a conviction act unconstitutionally.

93.    Furthermore, the defendants violated the law by making false statements of fact in a certification for determination of probable cause and/or a conviction, because they performed a function of a complaining witness.

## TWELFTH CLAIM

### (DENAIL OF A FAIR TRIAL)

94.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

95.    The individual defendants are liable to plaintiffs because they intentionally created false information likely to influence a fact finder's or jury's decision and forwarded that information to prosecutors, a grand jury, and/or

17

court, and presented that information to a jury, thereby violating plaintiffs' constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983.

## THIRTEENTH CLAIM

### (NEGLIGENT SUPERVISION, HIRING, MONITORING TRAINING AND RETENTION OF UNFIT EMPLOYEE)

96.   Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

97.   Defendant City of New York is liable to plaintiffs because the occurrence and injuries sustained by plaintiffs, were caused solely by, and as a result of the malicious, reckless, negligent, and/or intentional conduct of defendant City of New York, and the NYPD, its agents, servants and/or employees, as set forth above, without provocation on the part of plaintiffs contributing thereto, specifically, the negligent and reckless manner in which said defendant hired, trained, supervised, controlled, managed, maintained, inspected and retained its police officers.

## FOURTEENTH CLAIM

### (INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

98.   Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

18

99.    That by virtue of the occurrence and defendants, individually and/or by their agents, servants and/or employees, negligently and/or intentionally inflicted emotional harm upon plaintiffs.

100.    The defendants' actions against plaintiffs were extreme and outrageous and caused plaintiffs severe emotional distress.

101.    The defendants breached a duty owed to the plaintiffs that either unreasonably endangered plaintiffs' physical safety, or caused the plaintiffs to fear for their own safety.

### FIFTHTEENTH CLAIM

### (NEGLIGENCE)

102.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

103.    Defendants are liable to plaintiffs because defendants owed plaintiffs a cognizable duty of care as a matter of law, and breached that duty.

### SIXTHTEENTH CLAIM

### (MALICIOUS PROSECUTION CLAIM UNDER FEDERAL LAW)

104.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

105.  The individual defendants are liable to plaintiffs for malicious prosecution because, pursuant to a conspiracy and acting with malice, the defendants initiated malicious prosecution(s) against plaintiffs by knowingly, intentionally, and maliciously providing false statements to prosecutors and/or the court(s), which alleged plaintiffs had committed various crimes.

106.  The individual defendants lacked probable cause to believe the above-stated malicious prosecution(s) could succeed.

107.  The individual defendants acted to cover up their illegal and unconstitutional conduct by initiating the above-stated malicious prosecution(s).

108.  The above-stated malicious prosecution(s) caused a sufficient post-arraignment liberty restraint on plaintiff.

## SEVENTEENTH CLAIM

### (MALICIOUS PROSECUTION CLAIM UNDER STATE LAW)

109.  Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

110.  The individual defendants are liable to plaintiffs for malicious prosecution because, pursuant to a conspiracy and acting with malice, the defendants initiated malicious prosecution(s) against plaintiffs by knowingly,

20

intentionally, and maliciously providing false statements to prosecutors and/or the court(s), which alleged plaintiffs had committed various crimes.

111.   The individual defendants lacked probable cause to believe the above-stated malicious prosecution(s) could succeed.

## NINETEENTH CLAIM

### (MONELL CLAIM)

112.   Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

113.   Defendant City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiffs.

114.   Upon information and belief, defendant City of New York, at all relevant times, was aware that the defendants are unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

115.   Nevertheless, defendant City of New York exercised deliberate indifference by failing to take remedial action.  The City failed to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retained and utilized them.  Moreover, upon information and

belief, defendant City of New York failed to adequately investigate prior complaints filed against the individual defendants.

116.   Further, defendant City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice and/or policy) would enter the houses of individuals without warrants or exigent circumstances.

117.   In addition, the following are municipal policies, practices and customs: (a) entering homes without warrants, (b) arresting innocent individuals, based on a pretext, (c) fabricating evidence against individuals, (d) using excessive force against individuals, (e) retaliating against individuals who engage in free speech, (f) conspiring with civilians they favor or know, and (g) failing to conduct lawful evictions.

## TWENTIETH CLAIM

### (42 U.S.C. § 1983 CONSPIRACY)

118.   Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

119.   Defendants are liable to plaintiffs because they agreed to act in concert with the civilians mentioned above to

inflict an unconstitutional injury; and committed an overt act done in furtherance of that goal causing damage to plaintiffs.

### TWENTY FIRST CLAIM

#### (RESPONDEAT SUPERIOR)

120.  Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

121.  The individual defendants were acting within the scope of their employment as New York City Police Officers when they committed the above described acts against plaintiffs, including falsely arresting, assaulting, and battering plaintiffs.

122.  The City of New York is therefore vicariously liable under New York State law for the aforesaid torts.

**WHEREFORE,** plaintiffs demand a jury trial and the following relief jointly and severally against the defendants:

a.    Compensatory damages in an amount to be determined by a jury;

b.    Punitive damages in an amount to be determined by a jury;

c.    Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

      d.    Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    New York, New York
             February 10, 2012

                                    MICHAEL O. HUESTON, ESQ.
                                    *Attorney for Plaintiffs*
                                    350 Fifth Avenue, Suite 4810
                                    New York, New York 10118
                                    (212) 643-2900
                                    mhueston@nyc.rr.com
                                    By:

                                    _____
                                    MICHAEL O. HUESTON