UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X

ALEXANDRA OWENS, and ALEJANDRO TAVARES,

                        Plaintiffs,

             -against-

THE CITY OF NEW YORK; P.O. IVAN PANIAGUA,
Shield # 09486; P.O. ISRAEL RIVERA,
Shield # 04266; P.O. FABRICIO FEMIN; P.O.
JOHN DOES 1-5; NYC 174th REALTY COMPANY
CORP; CHIEF EXECUTIVE OFFICER IQBAL
LATIF; and PRINCIPAL EXECUTIVE OFFICER
SHAHID LATIF the individual defendant(s)
sued individually and in their official
capacities,

                        Defendants.

---------------------------------------- X

**FIRST AMENDED**
**COMPLAINT**

12-cv-01084

ECF Case

Jury Trial Demanded

### PRELIMINARY STATEMENT

        1.    This is a civil rights action in which plaintiffs

seeks relief for the violation of plaintiffs' rights secured by

42 U.S.C. §§ 1983; and the First, Fourth, Fifth, Sixth, and

Fourteenth Amendments to the United States Constitution, and the

laws of the State of New York.  Plaintiffs' claims arise from an

incident that arose on or about November 15, 2010.  During the

incident, the City of New York, and members of the New York City

Police Department ("NYPD"), and NYC 174th Realty Company Corp.

and its members or executives/employees, subjected plaintiffs

to, among other things, excessive force, assault and battery,

false arrest, unlawful search and seizure, retaliation for free

speech, conspiracy, malicious prosecution, denial of a fair

trial, fabricated evidence, negligence, intentional and

negligent infliction of emotional distress, negligent hiring and

retention, supervision, training and instruction of incompetent

and unfit employees, and implementation and continuation of an

unlawful municipal policy, practice, and custom.  Plaintiffs

seek compensatory and punitive damages, declaratory relief, an

award of costs and attorney's fees, pursuant 42 U.S.C. §§ 1988,

and such other and further relief as the Court deems just and

proper.

## JURISDICTION & VENUE

2.    This action is brought pursuant to 42 U.S.C. §§

1983, and the First, Fourth, Fifth, Sixth, and Fourteenth

Amendments to the United States Constitution.  Jurisdiction is

conferred upon this Court by the aforesaid statutes and 28

U.S.C. §§ 1331 and 1343.

3.    Plaintiffs invoke the supplemental jurisdiction

of this Court pursuant to 28 U.S.C. § 1367 to hear and decide

claims arising under state law.  Plaintiffs' notice of claim

were duly filed on defendant City of New York within 90 days of

the incident at issue, more than 30 days have elapsed since such

filing and the City of New York has refused to settle

plaintiffs' claims.  Moreover, this action has been filed within
one year and 90 days of the incidents that are the basis of this
claim.  Plaintiffs have satisfied all conditions precedent for
the filing of this action.

      4.    Venue is proper here pursuant to 28 U.S.C. § 1391
because some of the acts in question occurred in New York
County, and the City of New York is subject to personal
jurisdiction in the Southern District of New York.

**PARTIES**

      5.    Plaintiff Alexandra Owens is a resident of the
State of New York, New York County.

      6.    Plaintiff Alejandro Tavares is a resident of the
State of New York, New York County.

      7.    At all times alleged herein, defendant City of
New York is a municipal corporation organized under the laws of
the State of New York, which violated plaintiffs' rights as
described herein.

      8.    At all times alleged herein, defendants P.O. Ivan
Paniagua, Shield # 09486, P.O. Rivera, Shield # 04266, P.O.
Fabricio Femin, and P.O. John Does # 1-5 were New York City
Police Officer, employed with the 33rd Precinct, located in New
York County, New York or other as yet unknown NYPD assignment,
who violated plaintiffs' rights as described herein.

9.    At all times alleged herein, NYC 174th Realty
Company Corp. was a New York corporation headquartered in the
State of New York, New York County, which violated plaintiff's
rights as described herein.

10.   At all times alleged herein, defendants C.E.O.
Iqbal Latif and P.E.O. Shahid Latif were executive officers
and/or employees of NYC 174th Realty Company Corp., who violated
plaintiffs' rights as described herein.

11.   The individual defendants are sued in their
individual and official capacities.

### STATEMENT OF FACTS

12.   On November 15, 2010, at and in the vicinity of
552 West 174th Street, Apt. # 1, New York, New York, and the 33rd
Precinct, New York, New York, several police officers operating
from the 33rd Precinct, and employees/executives from NYC 174th
Realty Company Corp., including upon information and belief,
P.O. Paniagua, P.O. Rivera, P.O. Femin, P.O. John Does # 1-5,
C.E.O. Iqbal Latif, and P.E.O. Shahid Latif, at times acting in
concert and at times acting independently, committed the
following illegal acts against plaintiffs.

13.   On November 15, 2010, in the evening, at and in
the vicinity of 552 West 174th Street, Apt. # 1, New York, New
York ("the apartment"), defendants P.O. Paniagua, P.O. Rivera,

4

P.O. Femin, P.O. John Does # 1-5, and P.E.O. Shahid Latif without either consent, an arrest warrant, a lawful search warrant, court orders, probable cause, or reasonable suspicion that plaintiffs (or any third person) had committed a crime unlawfully entered the apartment.

14.    Defendants P.O. Paniagua, P.O. Rivera, P.O. Femin, and P.O. John Does # 1-5 came to the apartment door with P.E.O. Shahid Latif and demanded to be let into the apartment. They did not possess any legal order to gain entry or possession of the apartment, including an arrest warrant, search warrant, eviction order, or marshal's warrant.

15.    Upon information and belief, on the date in question, NYC 174th Realty Company Corp. was in litigation (New York City Landlord Tenant Court) with Alejandro Taveres' family regarding the apartment he and his mother still had access and/or possession of the apartment, or were lawfully on the premises as invitees and/or occupants.

16.    Upon information and belief, P.O. Paniagua, P.O. Rivera, P.O. Femin, and P.O. John Does # 1-5 were doing a favor for NYC 174th Realty Company Corp., C.E.O. Iqbal latif, and P.E.O. Shahid Latif in clear violation of their lawful authority.

17.    Alexandra Owens was in the bathroom when P.O. Paniagua, P.O. Rivera, P.O. Femin, P.O. John Does # 1-5, and P.E.O. Shahid Latif came to the apartment door, demanding to be let in.

18.    Alejandro Tavares went to the apartment door to see who was there.

19.    Defendants P.O. Paniagua, P.O. Rivera, P.O. Femin, P.O. John Does # 1-5, and P.E.O. Shahid Latif demanded to be let into the apartment, but Alejandro Tavares refused.

20.    There were no documents showing that P.O. Paniagua, P.O. Rivera, P.O. Femin, P.O. John Does # 1-5, P.E.O. Shahid Latif, or NYC 174th Realty Company Corp. had any lawful authority to enter the apartment, make an arrest, or evict the plaintiffs or occupants.

21.    Defendants P.O. Paniagua, P.O. Rivera, P.O. Femin, P.O. John Does # 1-5, C.E.O. Iqbal Latif, and P.E.O. Shahid Latif knew the plaintiffs had a legal right to be on the premises and/or in possession of the apartment.

22.    Alejandro Tavares tried to explain that his mother was the person they needed to speak with.

23.    By coming onto the apartment without a warrant or without exigent circumstances and demanding to be let into the

apartment, the individual defendants violated clearly
established law.

24.   Alejandro repeatedly requested that the
individual defendants leave his door, but the individual
defendants ignored his lawful requests.

25.   Alejandro would not let the individual defendants
enter his home, and questioned them about the legality of their
conduct.

26.   Alejandro was afraid that the defendant would
harm him and Alexandra and his friend who was also in the
apartment.

27.   The individual defendants ignored Alejandro.

28.   The individual defendants were rude, threatening,
uncivil in their responses to the plaintiffs' lawful requests
that they leave.

29.   Angered by Alejandro's refusal to open the door
or leave the apartment, and surrender his constitutional rights,
defendants P.O. Paniagua, P.O. Rivera, P.O. Femin, and P.O. John
Does # 1-5, forced their way into the apartment as P.E.O. Shahid
Latif watched.

30.   Once defendants entered the apartment, plaintiffs
and Alejandro's friend were not free to disregard the
defendants' questions, walk way or leave the scene.

31.    To assist in their assault, the individual defendants grabbed Alejandro by his hair and necklace.

32.    Defendants P.O. Paniagua, P.O. Rivera, P.O. Femin, and P.O. John Does # 1-5 began beating Alejandro, hitting him in, among other places, his knees, back, head, and groin. They also hit him repeatedly with a blunt object.

33.    Alexandra went to see what was happening.  She was wearing a towel and undergarments.

34.    Alexandra did not interfere with the unlawful arrest and obvious excessive use of force, but she was shocked and alarmed by what she saw the officers doing to Alejandro.

35.    The individual defendants suddenly went after Alexandra, grabbing her and pulling off her towel.  They also pulled and yanked Alexandra as she pleaded with the defendant officers that she had not done anything wrong.

36.    The defendant officers also maliciously, gratuitously, unnecessarily, and violently wrenched and twisted the plaintiffs' arms, and placed excessively tight handcuffs on their wrists.  The defendant officers also struck Alejandro while was he was handcuffed.

37.    The defendant officers removed the plaintiffs from the apartment, and dragged them down a series of stairs, further injuring and humiliating them.

38.    At one point, the defendants made Alexandra walk barefoot.

39.    At times, one of the defendant officers commented sexually about Alexandra that: he would do her.

40.    Outside, the defendant officers held the plaintiffs against a car and waited for a police van to arrive. During this time, defendants P.O. Paniagua, P.O. Rivera, P.O. Femin, P.O. John Does # 1-5, and P.E.O. Shahid Latif were talking and joking among themselves.  Indeed, prior to November 15, 2010, P.E.O. Shahid Latif had met with police officers from the 33rd Precinct to 552 West 174th Street, Apt. # 1, New York, New York. Further, P.E.O. Shahid Latif conspired and directed with one of his employees to assist in removing the plaintiffs from the apartment by fabricating evidence that had committed the crime of petit larceny.

41.    The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against plaintiffs, since plaintiffs were unarmed, compliant, and did not resist arrest.

42.    Plaintiffs were physically injured as a result of the excessive use of force, and suffered injuries to their bodies and pain.

9

43.    Those defendants who did not touch the plaintiffs, witnessed these acts, but failed to intervene and protect plaintiffs from this conduct.

44.    Upon information and belief, the defendant officers delayed plaintiffs' medical treatment.

45.    The plaintiffs received medical treatment for their injuries.

46.    The defendant officers drove the plaintiffs and Alejandro's friend to the 33rd Precinct for arrest processing where they threatened the plaintiffs.

47.    Eventually, the plaintiffs were processed through Central booking and released.

48.    In order to cover up that their was no basis for the plaintiffs' arrest and further the wrongful motive of NYC 174th Realty Company Corp., C.E.O. Iqbal, Latif and P.E.O. Shahid Latif to again possession of the apartment, P.O. Paniagua, P.O. Rivera, P.O. Femin, P.O. John Does # 1-5, NYC 174th Realty Company Corp., C.E.O. Iqbal, Latif and P.E.O. Shahid Latif, pursuant to a conspiracy, falsely and maliciously told the New York County District Attorney's Office that plaintiffs had committed various crimes.

49.    The criminal case against Alejandro Tavares was dismissed on November 1, 2011, terminating in his favor.

10

50.   The case against Alexandra Owens remains open.

51.   The unlawful entry into plaintiffs' apartment was caused by defendant City of New York's policy, custom, and practice of permitting individual police officers to intrude into the homes of individuals without a search warrant or an arrest warrant, or any investigation, even in landlord tenant matters where documents can be used to show who has assess or possession to an apartment.

52.   Furthermore, even when individual police officers have probable cause to arrest an individual who is inside an apartment, it is defendant City of New York's policy, custom, and practice to fail to ensure that the officers secure the premises and apply to the court for a warrant.

53.   When police officers are charged with protecting the public safety, they must respect constitutional rights in the process.  The NYPD disregards their duties, specifically to New York City residents, by crossing a constitutional line between reasonable inquiry and illegal intrusiveness.  Under any law, a citizen insisting that police officers recognize that absent exigent circumstances, they must have a warrant to enter a home, does not create a founded suspicion or a basis for an arrest, and when a person complains and asserts this right, continued police harassment does not pass legal muster.  The

11

NYPD must stop harassing citizens who exercise their constitutional rights.  Citizens should be able to be secure in their homes without fear of intrusion by the NYPD at the behest of their friends or civilian associates.

54.   The individual defendants acted in concert committing the above-described illegal acts toward plaintiffs.

55.   Plaintiffs did not resist arrest at any time during the above-described incident.

56.   Plaintiffs did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above-described incident.

57.   The individual defendants did not observe plaintiffs violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above-described incident.

58.   At no time prior to, during or after the above-described incident were the individual defendants provided with information, or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiffs had violated any law, regulation, or administrative code; committed any criminal act; or acted in a suspicious or unlawful manner prior to or during the above-described incident.

12

59.   The individual defendants acted under pretense and color of state law and their individual and official capacities and within the scope of their employment.  Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiffs of their rights.

60.   As a direct and proximate result of the defendants' actions plaintiffs experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

61.   Plaintiffs are entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness and indifference to plaintiffs' rights.

## FIRST CLAIM

**(UNLAWFUL SEARCH AND SEIZURE UNDER FEDERAL LAW – ALL DEFENDANTS)**

62.   Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

63.   Defendants unlawfully entered the property and premises of the plaintiffs without an arrest warrant, search

warrant, marshal's warrant, eviction order, consent, or exigent circumstances obviating the need for a warrant.

64.   Accordingly, defendants are liable to plaintiffs for unlawful search and seizure under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## SECOND CLAIM

### (UNLAWFUL SEARCH AND SEIZURE UNDER STATE LAW – MUNICIPAL DEFENDANTS)

65.   Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

66.   Defendants unlawfully entered the property and premises of the plaintiffs an arrest warrant, search warrant, marshal's warrant, eviction order, consent, or exigent circumstances obviating the need for a warrant.

67.   Accordingly, defendants are liable to plaintiffs for unlawful search and seizure under New York State law.

## THIRD CLAIM

### (FALSE ARREST UNDER FEDERAL LAW – ALL DEFENDANTS)

68.   Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein

69.   Defendants falsely arrested plaintiffs without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiffs had committed a crime.

70.   Accordingly, defendants are liable to plaintiffs for false arrest under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## FOURTH CLAIM

### (FALSE ARREST UNDER STATE LAW – MUNICIPAL DEFENDANTS)

71.   Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

72.   Defendants falsely arrested plaintiffs without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiffs had committed a crime.

73.   Accordingly, defendants are liable to plaintiffs for false arrest under New York State law.

## FIFTH CLAIM

### (EXCESSIVE FORCE – MUNICIPAL DEFENDANTS)

74.   Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

75.   The individual defendants' use of force upon plaintiffs, as described herein, and the individual defendants' failure to intervene, was objectively unreasonable.

76.   Accordingly, defendants are liable to plaintiffs for using unreasonable and excessive force, pursuant to 42

U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## SIXTH CLAIM

### (ASSAULT – MUNICIPAL DEFENDANTS)

77.   Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

78.   Among other things as described above, defendants' search and seizure, battery, false arrest, and excessive use of force against plaintiffs placed them in fear of imminent harmful and offensive physical contacts.

79.   Accordingly, defendants are liable to plaintiffs under New York State law for assault.

## SEVENTH CLAIM

### (BATTERY – MUNICIPAL DEFENDANTS)

80.   Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

81.   Among other things as described above, defendants' search and seizure, false arrest, and excessive use of force against plaintiffs were illegal physical contacts.

82.   Accordingly, defendants are liable to plaintiffs under New York State law for battery.

## EIGHTH CLAIM

### (RETALIATION – MUNICIPAL DEFENDANTS)

83.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

84.    Plaintiffs exercised free speech during the incident by, among other things, demanding that the individual defendants request their constitutional rights and not enter the apartment.

85.    Plaintiffs' use of free speech was a motivating factor in the individual defendants' decision to enter their property, use excessive force against them, and falsely arrest them.

86.    Accordingly, the individual defendants are liable to plaintiffs under the First Amendment to the United States Constitution.

## NINTH CLAIM

### (DENIAL OF MEDICAL CARE – MUNICIPAL DEFENDANTS)

87.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

88.    Defendants are liable to plaintiffs because they ignored plaintiffs' need for medical treatment for a serious medical issue and/or injury, or delayed such treatment, and the harm occasioned by such an act is redressable under the

17

Fourteenth Amendment to the United States Constitution, and 42
U.S.C. § 1983.

## TENTH CLAIM

### (FAILURE TO SUPERVISE – ALL DEFENDANTS)

89.  Plaintiffs repeat and reallege all the foregoing
paragraphs as if the same were fully set forth at length herein.

90.  The supervisor defendants are liable to
plaintiffs because they supervised the subordinate individual
defendants concerning the above-mentioned unlawful acts against
plaintiffs, and approved their unlawful actions.

## ELEVENTH CLAIM

### (FABRICATED EVIDENCE – ALL DEFENDANTS)

91.  Plaintiffs repeat and reallege all the foregoing
paragraphs as if the same were fully set forth at length herein.

92.  The defendants are liable to plaintiffs because
they intentionally conspired to fabricate evidence against them,
depriving them of liberty without due process of law.

93.  In addition, the defendants used and presented
the fabricated evidence to prosecute plaintiffs.

94.  Further, the defendants were on notice that
creating fabricated evidence is a clear violation of law because
it well established that a person who knowingly use false
evidence to obtain a conviction acts unconstitutionally.

18

95.    Furthermore, the defendants violated the law by making false statements of fact in a certification for determination of probable cause and/or a conviction, because they performed a function of a complaining witness.

## TWELFTH CLAIM

### (DENAIL OF A FAIR TRIAL – ALL DEFENDANTS)

96.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

97.    The individual defendants are liable to plaintiffs because they intentionally created false information likely to influence a fact finder's or jury's decision and forwarded that information to prosecutors, a grand jury, and/or court, and presented that information to a jury, thereby violating plaintiffs' constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983.

## THIRTEENTH CLAIM

### (NEGLIGENT SUPERVISION, HIRING, MONITORING TRAINING AND RETENTION OF UNFIT EMPLOYEE – ALL DEFENDANTS)

98.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

99.    Defendants City of New York and NYC 174th Realty Company Corp. are liable to plaintiffs because the occurrence and injuries sustained by plaintiffs, were caused solely by, and

19

as a result of the malicious, reckless, negligent, and/or intentional conduct of defendant City of New York, the NYPD, and NYC 174th Realty Company Corp., its agents, servants and/or employees, as set forth above, without provocation on the part of plaintiffs contributing thereto, specifically, the negligent and reckless manner in which said defendant hired, trained, supervised, controlled, managed, maintained, inspected and retained its police officers and employees/executives.

### FOURTEENTH CLAIM

### (INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – ALL DEFENDANTS)

100.   Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

101.   That by virtue of the occurrence and defendants, individually and/or by their agents, servants and/or employees, negligently and/or intentionally inflicted emotional harm upon plaintiffs.

102.   The defendants' actions against plaintiffs were extreme and outrageous and caused plaintiffs severe emotional distress.

103.   The defendants breached a duty owed to the plaintiffs that either unreasonably endangered plaintiffs' physical safety, or caused the plaintiffs to fear for their own safety.

20

## FIFTHTEENTH CLAIM

### (NEGLIGENCE – ALL DEFENDANTS)

104.  Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

105.  Defendants are liable to plaintiffs because defendants owed plaintiffs a cognizable duty of care as a matter of law, and breached that duty.

## SIXTHTEENTH CLAIM

### (MALICIOUS PROSECUTION CLAIM UNDER FEDERAL LAW – ALL DEFENDANTS)

106.  Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

107.  The individual defendants are liable to plaintiffs for malicious prosecution because, pursuant to a conspiracy and acting with malice, the defendants initiated malicious prosecution(s) against plaintiffs by knowingly, intentionally, and maliciously providing false statements to prosecutors and/or the court(s), which alleged plaintiffs had committed various crimes.

108.  The individual defendants lacked probable cause to believe the above-stated malicious prosecution(s) could succeed.

109.   The individual defendants acted to cover up their illegal and unconstitutional conduct by initiating the above-stated malicious prosecution(s).

110.   The above-stated malicious prosecution(s) caused a sufficient post-arraignment liberty restraint on plaintiff.

111.   In addition, defendants NYC 174th Realty Company Corp., C.E.O. Iqbal Latif and P.E.O. Shahid Latif provided false statements to prosecutors and/or the court(s), which alleged plaintiffs had committed various crimes to gain possession and/or access of the apartment so they could more readily sell 552 West 174th Street, New York, New York.

## SEVENTEENTH CLAIM

### (MALICIOUS PROSECUTION CLAIM UNDER STATE LAW – ALL DEFENDANTS)

112.   Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

113.   The individual defendants are liable to plaintiffs for malicious prosecution because, pursuant to a conspiracy and acting with malice, the defendants initiated malicious prosecution(s) against plaintiffs by knowingly, intentionally, and maliciously providing false statements to prosecutors and/or the court(s), which alleged plaintiffs had committed various crimes.

114.   The individual defendants lacked probable cause to believe the above-stated malicious prosecution(s) could succeed.

115.   In addition, defendants NYC 174th Realty Company Corp., C.E.O. Iqbal Latif and P.E.O. Shahid Latif provided false statements to prosecutors and/or the court(s), which alleged plaintiffs had committed various crimes to gain possession and/or access of the apartment so they could more readily sell 552 West 174th Street, New York, New York.

## NINETEENTH CLAIM

### (MONELL CLAIM – MUNICIPAL DEFENDANTS)

116.   Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

117.   Defendant City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiffs.

118.   Upon information and belief, defendant City of New York, at all relevant times, was aware that the defendants are unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

119.   Nevertheless, defendant City of New York exercised deliberate indifference by failing to take remedial

action.  The City failed to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retained and utilized them.  Moreover, upon information and belief, defendant City of New York failed to adequately investigate prior complaints filed against the individual defendants.

120.  Further, defendant City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice and/or policy) would enter the houses of individuals without warrants or exigent circumstances.

121.  In addition, the following are municipal policies, practices and customs: (a) entering homes without warrants, (b) arresting innocent individuals, based on a pretext, (c) fabricating evidence against individuals, (d) using excessive force against individuals, (e) retaliating against individuals who engage in free speech, (f) conspiring with civilians they favor or know, and (g) failing to conduct lawful evictions.

<u>**TWENTIETH CLAIM**</u>

**(42 U.S.C. § 1983 CONSPIRACY – ALL DEFENDANTS)**

122.  Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

24

123.  Defendants are liable to plaintiffs because they agreed to act in concert to inflict an unconstitutional injury; and committed an overt act done in furtherance of that goal causing damage to plaintiffs.

### TWENTY FIRST CLAIM

**(RESPONDEAT SUPERIOR – ALL DEFENDANTS)**

124.  Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

125.  The individual defendants were acting within the scope of their employment as New York City Police Officers and/or employees/executives of NYC 174th Realty Company Corp. when they committed the above described acts against plaintiffs, including falsely arresting, and maliciously prosecuting plaintiffs.

126.  The City of New York and NYC 174th Realty Company Corp. are therefore vicariously liable under New York State law for the aforesaid torts.

**WHEREFORE,** plaintiffs demand a jury trial and the following relief jointly and severally against the defendants:

    a.   Compensatory damages in an amount to be determined by a jury;

    b.   Punitive damages in an amount to be determined by a jury;

c.   Costs, interest and attorney's fees, pursuant to

42 U.S.C. § 1988; and

d.   Such other and further relief as this Court may

deem just and proper, including injunctive and

declaratory relief.

DATED:    New York, New York
          May 10, 2012

                                MICHAEL O. HUESTON, ESQ.
                                *Attorney for Plaintiffs*
                                350 Fifth Avenue, Suite 4810
                                New York, New York 10118
                                (212) 643-2900
                                mhueston@nyc.rr.com
                                By:

                                _____
                                MICHAEL O. HUESTON